# Court of Appeals
# of the State of Georgia

ATLANTA,   May 25, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1796.  JOHN TYSON v. THE STATE.**

In 2008, John Tyson pled guilty to statutory rape and two counts of child molestation.  In 2011, he filed a "Motion to Dismiss Illegal/Void Sentence."  In the motion, Johnson argued that his sentence was illegal because no crime had been committed.  The trial court denied the motion, and Tyson appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Further, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Tyson does not argue that his sentence exceeded legal limits; rather he contends that his guilty plea was invalid because his counsel was ineffective and because no crime was committed.  Because Tyson has not raised a colorable argument that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 05/25/2012
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*