# Court of Appeals
# of the State of Georgia

ATLANTA,＿June 19, 2012＿

*The Court of Appeals hereby passes the following order:*

**A12A1923.  RODOLFO ESQUIVEL v. THE STATE.**

Rodolfo Esquivel was convicted in February 1997 of aggravated child molestation and sentenced to 30 years confinement.  Over 15 years later, Esquivel filed a motion to vacate his sentence, arguing that the sentence is void and unconstitutional because the State failed to prove venue at trial.  The trial court denied the motion, and this appeal followed.

We lack jurisdiction.  A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Esquivel does not argue that his sentence falls outside the permissible range of punishment.  Accordingly, he has not raised a colorable void-sentence claim.

Moreover, to the extent Esquivel challenges his conviction as void, we cannot consider his claim.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper*, supra at 218.  Any appeal from

an order denying such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Accordingly, Esquivel's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/19/2012

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

2