# Court of Appeals
# of the State of Georgia

ATLANTA,    June 28, 2012

*The Court of Appeals hereby passes the following order:*

**A12A2070.  ANDREW RANDLE v. THE STATE.**

In 2004, Andrew Randle pled guilty to armed robbery.  In 2012, he filed a motion to modify his sentence, arguing that his sentence was void because the indictment was defective and his plea was involuntary.  The trial court denied the motion, and Randle appeals.  We lack jurisdiction.

In his motion, Randle argued that his indictment failed to properly charge venue.  Although Randle's motion was styled as one to modify his sentence, in substance he sought to challenge his convictions.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  Furthermore, a direct appeal may lie from an order denying a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Randle does not argue that his sentence exceeded legal limits; rather he contends that his indictment was defective and his guilty plea was invalid.  Because he has not raised a colorable argument that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,* <u>06/28/2012</u>

  *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *, Clerk.*