# Court of Appeals
# of the State of Georgia

ATLANTA, September 14, 2012

*The Court of Appeals hereby passes the following order:*

**A12A2578. MICHAEL TAYLOR v. THE STATE.**

In 2009, Michael Taylor pled guilty to armed robbery. In 2012, he filed a "Motion in Law and Equity to Declare the Conviction and Sentence Against the Defendant Void, Illegal an Un-Enforceable 'Nullity' for Lack of Personal and Subject Matter Jurisdiction Pursuant to OCGA § 17-9-4," arguing that the indictment was defective because it did not include the county in which the offense occurred. The trial court denied the motion, and Taylor appeals. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Furthermore, a direct appeal may lie from an order denying a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Taylor does not argue that his sentence exceeded legal limits; rather he contends that his indictment was defective and his guilty plea was invalid. Because he has not raised a colorable argument that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

     *Clerk's Office, Atlanta,* 09/14/2012

     *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *, Clerk.*