# Court of Appeals
# of the State of Georgia

ATLANTA, December 07, 2012

*The Court of Appeals hereby passes the following order:*

## A13A0665. GEORGE W. PITTS, JR. v. THE STATE.

A jury found George Pitts guilty beyond a reasonable doubt of rape, aggravated battery, kidnapping with bodily injury, aggravated child molestation, and aggravated assault. Pitts appealed his conviction, and this Court vacated his conviction for aggravated child molestation based on a charging error, but affirmed the other convictions. On remand, Pitts filed a pro se motion to vacate void convictions. The trial court dismissed the motion, and this Court upheld the ruling. Pitts then filed a motion to vacate his void and illegal sentences. The trial court dismissed the motion, and Pitts filed this appeal.

Although Pitts' motion was styled as one to correct his sentence, he argued in his brief that the evidence was insufficient and the trial court committed plain error when it commented on evidence. Thus, he sought to challenge his convictions, not his sentence. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (686 SE2d 786) (2009). Any appeal from an order denying such a motion must be dismissed. See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Although a direct appeal may lie from an order denying a motion to correct a void sentence, a defendant must raise a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at 216, 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, however, Pitts does not argue that his sentence falls outside the permissible range of punishment. Accordingly, he has not raised a colorable void-sentence claim, and this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/07/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*