# Court of Appeals
# of the State of Georgia

ATLANTA, February 13, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0993. SAMMIE LEE BROWN v. THE STATE.**

Sammie Lee Brown was found guilty of two counts of aggravated child molestation. This Court affirmed his convictions in an unpublished opinion. *Brown v. State*, Case No. A07A0366 (decided May 25, 2007). On April 13, 2012, Brown filed a pro se motion to dismiss void indictments, in which he argued that the State impermissibly amended the date of the offense in the indictment. The trial court denied this motion on October 19, 2012, and Brown directly appealed the order. We lack jurisdiction.

Although a direct appeal may lie from an order denying a motion to correct a void sentence, a defendant must raise a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, however, Brown does not argue that his sentence falls outside the permissible range of punishment; rather, he argues that his indictment was flawed, which is a challenge to his convictions, not to his sentence. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, because Brown has not raised a colorable void-sentence claim, his appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 02/13/2013
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*