# Court of Appeals
# of the State of Georgia

ATLANTA, February 13, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1059. MELVIN L. ROBERTS v. THE STATE.**

On October 24, 2011, Melvin Roberts was found guilty of family violence aggravated assault, family violence battery, and possession of a firearm during the commission of a crime. Nine months later, he filed pro se motions to vacate a void sentence, for an appeal bond, and for appointment of counsel. The trial court denied his motions on September 21, 2012, and Roberts filed a notice of appeal on October 23, 2012.[1] We lack jurisdiction on two grounds.

First, to be timely, a notice of appeal must be filed within 30 days after entry of the appealable order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Roberts failed to file a notice of appeal within 30 days, his appeal is untimely. Second, although a direct appeal may lie from an order denying a motion to correct a void sentence, a defendant must raise a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Here, however, Roberts does not argue that his sentence falls outside the permissible range of punishment; rather, he raises several procedural fairness objections, which constitute challenges to his convictions, not to his sentence. "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case, and any appeal from an order denying such a

---

[1] Roberts directed his notice of appeal to the Supreme Court, which transferred the case here.

motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, because his appeal is untimely and because Roberts has not raised a colorable void-sentence claim, his appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*  02/13/2013
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*