# Court of Appeals
# of the State of Georgia

ATLANTA,　June 12, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1903.  DAVID L. TOLBERT v. THE STATE.**

David Tolbert was convicted of armed robbery and sentenced to life under the recidivist statute.  Tolbert's conviction was affirmed on appeal.  See *Tolbert v. State*, 313 Ga. App. 46 (1) (720 SE2d 244) (2011).  Tolbert filed a motion to vacate the judgment of conviction, which the trial court denied.  Tolbert filed a direct appeal from that order.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Because Tolbert has not raised a colorable claim that his sentence is void, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 06/12/2013
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*