# Court of Appeals
# of the State of Georgia

ATLANTA,   August 22, 2013

*The Court of Appeals hereby passes the following order:*

**A13D0510.  JARYN WARE v. THE STATE.**

Jaryn Ware was convicted of armed robbery, hijacking a motor vehicle, and two counts of possession of a firearm during the commission of a crime, and his convictions were affirmed on appeal.  See *Copeny v. State*, 316 Ga. App. 347 (729 SE2d 487) (2012). Ware subsequently filed a motion to vacate a void sentence, which the trial court denied.  Ware filed an application for discretionary appeal from this ruling.

There is no provision of OCGA § 5-6-35 (a) that requires an application for discretionary appeal from a trial court's order denying a motion to vacate an allegedly void sentence.  If an applicant applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j).  Here, however, Ware does not have a right of direct appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  Ware contends that his sentence is void because the trial court failed to merge his two convictions for possession of a firearm during the commission of a crime.  This merger argument is a challenge to his convictions, not to his sentence.  See *Williams v. State*, 287 Ga. 192 (695 SE2d 244) (2010).  Because Ware has not raised a valid void-sentence claim, we may not consider his application.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper*, supra.  Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* <u>08/22/2013</u>
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*