# Court of Appeals
# of the State of Georgia

ATLANTA, November 01, 2013

*The Court of Appeals hereby passes the following order:*

**A14A0285.  JAMES EDWARD SMITH v. THE STATE.**

In 1993, James Edward Smith pled guilty to 11 counts of burglary.  He was sentenced to 20 years' imprisonment on each count, to run concurrently with each other and with a sentence entered against him in another case.[1]  In 2013, Smith filed a motion to vacate a void judgment and sentence in the burglary case, arguing that (1) he had been subjected to multiple prosecutions; (2) his guilty plea was not voluntary; (3)  OCGA § 16-7-1 provides for a maximum sentence of 20 years for burglary, but he was sentenced to life imprisonment; and (4) his indictment failed to properly allege venue.  The trial court denied the motion, and Smith appeals.  We, however, lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, __ Ga. __ (Case No. S13G0198, decided September 9, 2013).  And a sentence that falls within the

---

[1] The judgment of conviction and sentence in the other case were not included with the record transmitted in this case.

statutory range of punishment is not void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Smith's contentions that his plea was not voluntary, that he was prosecuted multiple times for the same offense, and that the indictment was defective are challenges to his convictions, not his sentence. Thus, Smith is not entitled to an appeal from the trial court's denial of those claims. His argument that his sentence exceeded the permissible maximum for burglary, by contrast, would be a valid void-sentence claim except that the only judgment of conviction included with the record shows a sentence of 20 years, which is permissible under OCGA § 16-7-1. To the extent that Smith challenges the sentence in his other case, those materials are not before us.

Because Smith failed to raise a colorable void-sentence claim in the case before us, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 11/01/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*


_____ , *Clerk.*