# Court of Appeals
# of the State of Georgia

ATLANTA,  January 10, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0794.  JEFFREY MCCLENDON v. THE STATE.**

A jury found Jeffrey McClendon guilty of multiple offenses, including rape, aggravated assault, and kidnapping.  Years later, McClendon filed a "Motion to Vacate a Void Judgment," arguing that his indictment was flawed and that the State failed to prove the offense of kidnapping. The trial court denied the motion, and McClendon appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Here, McClendon has not raised a colorable claim that his sentence is void.  Rather, he challenges the validity of his conviction. Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta, 01/10/2014

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.