# Court of Appeals
# of the State of Georgia

ATLANTA,___March 17, 2014___

*The Court of Appeals hereby passes the following order:*

**A14A0835.  CARLOS SARAVIA-ESPINALv. THE STATE.**

Carlos Saravia-Espinal pled guilty to voluntary manslaughter and possession of a firearm or knife during the commission of a felony in 2008.  In 2013, Saravia-Espinal filed a "Motion to Vacate a Void Judgment," arguing that his indictment was flawed. The trial court denied the motion, and Saravia-Espinal appeals.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Harper*, supra; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, Saravia-Espinal has raised no claim that his sentence is void.  Rather, he challenges the validity of his conviction.  Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/17/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*