# Court of Appeals
# of the State of Georgia

ATLANTA,   October 01, 2014

*The Court of Appeals hereby passes the following order:*

**A14A2305.  MICHAEL B. WRIGHT v. THE STATE.**

Michael Wright pled guilty to multiple counts of child molestation, aggravated child molestation, and cruelty to children in 1993.  Wright filed several motions to vacate his void conviction and/or sentence, which were all denied by the trial court. Wright's notice of appeal is timely as to the trial court's order of August 20, 2012,[1] which denied his motion premised upon the trial court's lack of subject matter jurisdiction to preside over his case.

The Supreme Court has made clear that a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).   A direct appeal lies from an order denying or dismissing a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  And a sentence is void only

---

[1] Wright also seeks to appeal the trial court's orders denying his motions to vacate void conviction that are dated June 29, 2012, and January 24, 2012, but his notice of appeal is not timely from those orders.   A notice of appeal must be filed within 30 days after the entry of the trial court's order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court.  *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).

when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Wright does not contend that his sentence exceeded the bounds permissible by law; rather, he complains that the state failed to prove that the trial court had jurisdiction to hear his case. Because Wright is not authorized to collaterally attack his conviction in this manner, we lack jurisdiction to consider his appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____ 10/01/2014 _____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*