# Court of Appeals
# of the State of Georgia

ATLANTA, ___July 23, 2015___

*The Court of Appeals hereby passes the following order:*

**A15A1720. FRANKLIN LAMAR BACON v. THE STATE.**

Franklin Lamar Bacon was convicted of two counts of selling cocaine, and we affirmed his convictions in an unpublished opinion. See Case No. A14A1430. He subsequently filed several pro se motions, arguing that his prosecution was marred by issues with the statute of limitations, double jeopardy, and irregularities with the grand jury. He also requested a new trial because the trial court delayed in ruling on his extraordinary motion for new trial. The trial court entered a single order denying each of Bacon's motions, and Bacon then filed this appeal.

Regardless of the nomenclature, each of Bacon's motions sought to set aside or vacate his convictions. As the Supreme Court has explained, however, a post-conviction motion to vacate an allegedly void conviction is not an appropriate remedy in a criminal case. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).[1] Any appeal from an order denying or dismissing such a motion must be dismissed. See *Roberts*, supra; *Harper*, supra. Accordingly, this appeal is hereby DISMISSED.

---

[1] The Court has also explained that a criminal defendant seeking to challenge a conviction after it has been affirmed on direct appeal may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40." *Harper*, supra at 217 (1).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* _____07/23/2015_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____, *Clerk.*