# Court of Appeals
# of the State of Georgia

ATLANTA,   September 25, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0069.  ALEXIS VELEZ-CALIZ v. THE STATE.**

In 2012, a jury convicted Alexis Velez-Caliz of false imprisonment and several other offenses.  We affirmed the trial court's denial of his motion for a new trial in an unpublished opinion.  *Velez-Caliz v. State*, Case No. A14A0237 (May 13, 2014). In May 2015, Velez-Caliz filed a "Motion to Render Indictments Void," in which he sought to have his judgment of conviction vacated.  The trial court denied Velez-Caliz's motion, and he filed a notice of appeal to this Court.  We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, supra at 218 (2).  A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, supra at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

To the extent that Velez-Caliz seeks to challenge his sentence based on allegedly void indictments, he has not raised a valid void-sentence claim.  Rather, he argues that his judgment of conviction should be vacated on grounds that: (i) he was tried and sentenced while two indictments were pending against him, in violation of his due process rights; and (ii) his trial counsel rendered ineffective assistance.  In neither of these claims, however, does he raise a colorable argument that he received

a sentence above the statutory maximum.  See id.  For these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ___09/25/2015___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*