# Court of Appeals
# of the State of Georgia

ATLANTA,____April 07, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1340.  ROBERT LEE MERIWETHER v. THE STATE.**

Robert Lee Meriwether appeals the trial court's denial of his pro se "Motion to Vacate and Set Aside Void Sentence."  In 1999, Meriwether was convicted of kidnapping with bodily harm, aggravated assault, battery, and possession of a weapon during the commission of a crime, for which he was sentenced to life imprisonment.[1] After filing numerous other motions, Meriwether filed a "Motion to Vacate and Set Aside Void Sentence," which the trial court denied.  Meriwether then filed this direct appeal.  We, however, lack jurisdiction.

The Supreme Court has made clear that a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  A direct appeal does lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Meriwether does not contend that his sentence exceeded the bounds

---

[1] Meriwether appealed and this Court affirmed in an unpublished opinion.  See Meriwether v. State, Case. No. A01A2134, decided December 7, 2001.

permissible by law; rather, he complains that there was not sufficient evidence to support his conviction for kidnapping with bodily injury, and that the trial court lacked subject matter jurisdiction. Because Meriwether is not authorized to collaterally attack his conviction in this manner, we lack jurisdiction to consider his appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*___04/07/2016___
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*