# Court of Appeals
# of the State of Georgia

ATLANTA,  May 01, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0383. JOHNNIE LEE DURDEN v. THE STATE.**

This is the third time Johnnie Lee Durden has appealed to this Court. The record shows that in 2007, Durden entered guilty pleas on three different indictments to several offenses and was sentenced to serve 17 years. Durden subsequently filed an extraordinary motion for new trial, which the trial court denied in 2012. Durden filed a notice of appeal from that order, but we dismissed the appeal because it was untimely and Durden had failed to follow the appropriate appellate procedures. Case No. A15A0059 (decided Sept. 15, 2014). Durden then filed an extraordinary motion to withdraw his guilty plea. The trial court dismissed the motion as untimely, and Durden once again appealed. In an unpublished opinion, we affirmed the trial court's dismissal. Case No. A16A0747 (decided May 2, 2016). Thereafter, Durden filed a motion to vacate a void conviction. The trial court denied his motion, and Durden filed this application for discretionary appeal. We lack jurisdiction.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009). A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which

the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Durden has not provided this Court with a copy of the motion to vacate his void conviction, but Durden argues in his application that he filed the motion to vacate "based on violation of the Double Jeopardy Clause," arguing that "the charges violate[d] the provisions set forth under the Double Jeopardy Clause." Durden does not contend that his sentence falls outside the statutory range. Because Durden is not entitled to attack his convictions in this manner, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  05/01/2017*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*