# a00672Court of Appeals of the State of Georgia

ATLANTA,  August 24, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0062.  ROBERT L. MERIWETHER v. THE STATE.**

In 1999, Robert L. Meriwether was convicted of kidnapping with bodily harm, aggravated assault, battery, and possession of a weapon during the commission of a crime, for which he was sentenced to life imprisonment. His convictions were affirmed on appeal in an unpublished opinion.  See *Meriwether v. State*, Case. No. A01A2134 (decided December 7, 2001).  After filing numerous motions over the years, in October 2016, Meriwether filed a "Motion to Set Aside Void Conviction; Kidnapping with Bodily Injury, under 'New Rule of Criminal Law,'" in which he argued that the standard set forth in *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008), should be applied to set aside his conviction.[1]  The trial court denied the motion and Meriwether filed this direct appeal.

However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  An appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  Accordingly, Meriwether's appeal is hereby DISMISSED.

---

[1] Meriwether previously filed a direct appeal from the denial of his motion to set aside a void sentence, which was dismissed by this Court because he did not raise a valid void sentence claim, but rather challenged the sufficiency of the evidence to support his conviction for kidnapping with bodily injury.  See Case No. A16A1340 (decided April 7, 2016).



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  08/24/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*