# Court of Appeals
# of the State of Georgia

ATLANTA, February 27, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0793. ERROL M. WINDHOM v. THE STATE.**

Errol Marcellus Windhom was convicted of armed robbery. We reversed his conviction on appeal because of the admission of improper hearsay evidence. *Windhom v. State*, 315 Ga. App. 855 (729 SE2d 25) (2012). Windhom was re-tried and convicted of armed robbery, and we affirmed his conviction on appeal. *Windhom v. State*, 326 Ga. App. 212 (756 SE2d 296) (2014).

Back in the trial court, Windhom filed a "Plea of Nul Tiel Record" and "Application for the Writ of Habeas Corpus Ad Testificandum," which the trial court dismissed. Windhom then appealed to this Court. We transferred the appeal to the Supreme Court based on that Court's subject matter jurisdiction over habeas corpus cases. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (4). The Supreme Court, however, returned the case to us, stating in relevant part: "[I]t is clear that the substance of appellant's filings in the court of conviction below were in the nature of a motion to vacate his armed robbery conviction and sentence, and not a petition for writ of habeas corpus under OCGA § 9-14-45, et seq." See Case No. S18A0600 (decided January 16, 2018).

In his "Plea" and "Application," Windhom did not challenge his sentence. Rather, he argued that his conviction rested on the testimony of a single witness who had been found to be mentally incompetent. However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). The Supreme Court has explained that such a motion "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532

(690 SE2d 150) (2010).  Thus, any appeal from an order denying or dismissing such a motion must be dismissed.  Id.; *Harper*, 286 Ga.  at 218 (2).  Because Windhom is not authorized to collaterally attack his conviction in this matter, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/27/2018*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*