# Court of Appeals
# of the State of Georgia

ATLANTA,  June 07, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1715.  WILLIE CLARENCE MAYS v. THE STATE.**

In October 2015, Willie Mays pled guilty to theft by taking. Later, in December 2016, Mays filed a "Motion to Set Aside Void Judgment" challenging the warrant affidavit that led to his arrest. The trial court denied the motion, and Mays filed this direct appeal. We, however, lack jurisdiction.

As the Supreme Court has explained, a post-conviction motion to vacate an allegedly void conviction is not an appropriate remedy in a criminal case. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).[1] Any appeal from an order denying or dismissing such a motion must be dismissed.  See *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (2).

---

[1] The Court has also explained that a criminal defendant seeking to challenge a conviction after it has been affirmed on direct appeal may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40." *Harper*, 286 Ga. at 217 (1).

Because Mays's motion to set aside is not a valid remedy, this appeal from the trial court's denial of that motion is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 06/07/2018*
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

    *Stephen E. Castlen* *, Clerk.*