# Court of Appeals
# of the State of Georgia

ATLANTA,  July 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1961.  RONALD K. ELLIS v. THE STATE.**

In 2003, Ronald K. Ellis was convicted of kidnapping with bodily injury, kidnapping, aggravated battery, aggravated assault, and false imprisonment.  We affirmed his convictions on direct appeal.  *Ellis v. State*, 282 Ga. App. 17, 18 (637 SE2d 729) (2006).  After several unsuccessful attempts to attack his convictions,[1] Ellis filed a "Petition for Redress of Grievance," in which he argued that his kidnapping convictions were no longer valid under Georgia law.  The trial court denied his petition, and Ellis filed this direct appeal.  We, however, lack jurisdiction.

Ellis's petition was, in substance, a motion to vacate or set aside his convictions, and "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."[2] *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).  Any appeal from an order denying or dismissing such a motion must be dismissed.  *Harper*, supra at 218 (2); see also *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

---

[1] We have previously denied or dismissed other challenges to Ellis's conviction and sentence.  See Case Nos. A12A0226, A14D0331, A14A1663, A16D0248.

[2] A criminal defendant seeking to challenge a conviction after it has been affirmed on direct appeal may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9-61, or a petition for habeas corpus, OCGA § 9-14-40." *Harper v. State*, 286 Ga. 216, 217 (1) (686 SE2d 786) (2009)

Accordingly, because Ellis's petition is not a valid remedy, this appeal from the trial court's denial of that petition is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*C l e r k ' s        O f f i c e ,*
*Atlanta,__07/12/2018_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*