# Court of Appeals
# of the State of Georgia

ATLANTA,  November 29, 2018

*The Court of Appeals hereby passes the following order:*

## A19D0186.  WILLIE GEORGE LEWIS, JR. v. THE STATE.

Willie George Lewis, Jr., was convicted of aggravated assault and other crimes. He later filed a "Motion to Vacate Void Judgment," arguing that he was never properly indicted and was the victim of prosecutorial misconduct. On September 27, 2018, the trial court entered an order denying the motion. On November 7, 2018, Lewis filed this application for discretionary appeal.[1] We lack jurisdiction for two reasons.

First, the application was not timely filed. An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Lewis filed this application 41 days after entry of the order he wishes to appeal. The application is therefore untimely, and we lack jurisdiction to consider it.

Second, even if the application had been timely filed, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). The Supreme Court has explained that such a motion "is not one of the established procedures for challenging

---

[1] Although Lewis styled his filing as a notice of appeal, notices of appeal must be filed in the trial court, not in this Court. See OCGA § 5-6-37 ("[A]n appeal may be taken to the Supreme Court or the Court of Appeals by filing with the clerk of the court herein the case was determined a notice of appeal.") Accordingly, we docketed the matter as an application for discretionary appeal. See OCGA § 5-6-35.

the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Further, any appeal from an order denying or dismissing a motion to vacate a criminal judgment must be dismissed. Id.; *Harper*, 286 Ga. at 218 (2).

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,* __11/29/2018__
 *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
 *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*