# Court of Appeals
# of the State of Georgia

ATLANTA,  January 05, 2023

*The Court of Appeals hereby passes the following order:*

**A22A1206. RYAN REID v. THE STATE.**

Ryan Reid filed this direct appeal from an order of the trial court denying a post-conviction motion, which the trial court construed as a motion in arrest of judgment. For reasons that follow, the appeal is subject to dismissal.

The relevant facts show that, in 2017, Ryan Craig Reid pled guilty to one count of aggravated child molestation.[1] Reid appealed his conviction, but the appeal was dismissed for failure to file a brief. See Case No. A17A1459 (May 17, 2017). In June 2018, the trial court entered an amended sentence to comply with the split sentence requirements of OCGA § 17-10-6.2 (b). In November 2021, Reid filed a pro se motion to dismiss his indictment, which the trial court construed as a motion in arrest of judgment. The trial court dismissed the motion, concluding that it was untimely.[2] Reid appeals this ruling, seeking to challenge the June 2018 sentence. Reid also argues that the trial court erred in construing his November 2021 motion as one in arrest of judgment. According to Reid, he was alleging a void conviction. Reid's appeal is flawed for two reasons.      First, Reid's attempt to appeal his amended

---

[1] Reid was also charged with a second count of aggravated child molestation and one count of child molestation, but these charges were nol prossed.

[2] A motion in arrest of judgment must be made "during the term at which the judgment was obtained." OCGA § 17-9-61 (b). See *High v. State*, 292 Ga. 544, 544 (739 SE2d 388) (2013). Reid's motion was not filed within the term at which the judgment was obtained, but three years later and was thus untimely. See OCGA § 15-6-3 (3) (The Atlanta Judicial Circuit terms of court  begin the First Monday in January, March, May, July, September and November).

sentence is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). "Compliance with this statutory deadline for filing a notice of appeal is an 'absolute requirement' to confer jurisdiction on an appellate court." *Collier v. State*, 307 Ga. 363, 371 (2) (834 SE2d 769) (2019) (citation omitted). Here, Reid filed his notice of appeal almost four years after entry of the sentencing order he seeks to appeal.

Second, construing Reid's November 2021 motion as a motion to vacate a void conviction does not entitle Reid to relief. The Supreme Court has made clear that a motion to vacate a judgment of conviction is not an appropriate remedy in a criminal case. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Accordingly, any appeal from an order denying such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction to consider any argument Reid attempts to raise on appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 01/05/2023*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*