# Court of Appeals
# of the State of Georgia

ATLANTA,  February 14, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0824. WILLIE MAYS v. THE STATE.**

In 2015, Willie Mays pleaded guilty to theft by taking. In November 2023, Mays filed a motion for relief from judgment, followed by a memorandum of law, motion for wrongful conviction, and motion to enforce Rule 3.8 of the Georgia Rules of Professional Conduct. The trial court dismissed the motions in a consolidated order. Mays timely filed a notice of appeal.[1] We lack jurisdiction.

In his motions, Mays challenged his convictions based on an alleged inconsistency between the facts of his arrest warrant and the indictment to which he pleaded guilty, ineffective assistance of counsel, and prosecutorial misconduct. However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact,

---

[1] This is Mays's sixth appearance in this Court to challenge his 2015 conviction. See Case Nos. A19D0231 (December 27, 2018) (dismissed as untimely), A19A0649 (December 19, 2018)(dismissed for failure to file an appellate brief), A19A0650 (December 10, 2018) (dismissed as untimely), A18A1716 (June 7, 2018) (dismissed for failure to comply with the discretionary application procedure), A18A1715 (June 7, 2018) (dismissed because, like here, the motion Mays appealed from did not seek an appropriate remedy).

void or illegal. See *Harper*, 286 Ga. at 217 (1) n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Mays has not raised such a colorable claim here.

For this reason — and pretermitting whether any of our decisions in his previous appeals render his current claims barred by the law of the case doctrine — Mays is not entitled to a direct appeal here. See *Harper*, 286 Ga. at 217 (1) n.1; *Burg,* 297 Ga. App. at 119; see also *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (citation and punctuation omitted). Consequently, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  02/14/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*