### S05A1301. MORELAND v. THE STATE.

(619 SE2d 626)

HUNSTEIN, Presiding Justice.

Ladell Moreland appeals from his convictions for felony murder and aggravated assault.[1] Finding no error, we affirm.

1. The jury was authorized to find that the victim, Andrew Green, parked his Chevrolet Impala at a gas station where Moreland and co-defendant DeAngelo Lewis were loitering. Moreland and Lewis discussed stealing the victim's car, but as they approached the vehicle Lewis realized Green was armed and ran away. Moreland continued towards the car, raised his gun and fatally shot Green in the chest. We find the evidence adduced against Moreland sufficient to enable a rational trier of fact to find him guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Moreland contends the judge who presided over the trial was not properly appointed under OCGA § 15-1-9.1 (b) (2). This issue was first raised on motion for new trial and is, therefore, untimely. See *Strozier v. State,* 277 Ga. 78 (1) (586 SE2d 309) (2003). Moreover, the judge's previous appointments by separate orders to preside over other superior court matters for specified periods of time do not render him a de facto superior court judge in violation of the constitutional requirement that all superior court judges be elected. *Massey v. State,* 265 Ga. 632 (3) (458 SE2d 818) (1995). See Ga. Const. 1983, Art. VI, Sec. VII, Par. I.

3. Moreland further alleges that he was denied effective assistance of counsel because counsel failed to object to the allegedly

---

[1] The crimes occurred on July 1, 2001. Moreland was indicted by the Fulton County grand jury for malice murder, two counts of felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The possession counts were dead-docketed prior to trial. After a trial by jury on March 17-20, 2003, Moreland was found guilty of felony murder and aggravated assault. He received a life sentence for the felony murder count with the aggravated assault count merging as a matter of law. Moreland filed a motion for new trial on March 25, 2003, which he amended on September 29, 2003. His motions were denied on August 11, 2004. A notice of appeal was filed on September 3, 2004. The appeal was docketed in this Court on April 28, 2005 and submitted for decision on the briefs.

improper appointment of the trial judge. To establish a claim of ineffective assistance of trial counsel, a defendant must show that his trial counsel's performance fell below an objective standard of reasonableness and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). Moreland has failed to make any showing that he was denied a fair trial by virtue of the appointment order. See *Strozier*, supra, 277 Ga. at 82 (8).

Nor was counsel ineffective for failing to investigate and introduce into evidence the testimony of Jacquelyn Davis. Counsel testified at the motion for new trial hearing that he reviewed the evidence provided in discovery, read witness statements, and questioned Moreland in an effort to locate witnesses favorable to the defense. Davis' name was not contained in any of the discovery or on any witness list and Moreland never mentioned Davis as a possible witness. Moreover, even if Davis had testified at trial, her testimony would not have affected the verdict as she admitted that she did not see who shot the victim. See *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002).

An appellate court will uphold a trial court's findings of fact on a claim of ineffective assistance of counsel unless those findings are clearly erroneous. *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003). Finding no clear error, we affirm the trial court's ruling.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*Charles H. Frier*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Robin J. Leigh, Assistant Attorney General*, for appellee.