## S09A1839. MORELAND v. THE STATE.

(690 SE2d 150)

THOMPSON, Justice.

Defendant was convicted of felony murder, and this Court affirmed his conviction on appeal. *Moreland v. State*, 279 Ga. 641 (619 SE2d 626) (2005). Thereafter, defendant filed several motions, including a "motion to address against void judgment" in which he argued that the indictment was void. Citing *Williams v. State*, 283 Ga. 94 (656 SE2d 144) (2008), which pre-dated *Chester v. State*, 284 Ga. 162 (664 SE2d 220) (2008), the trial court dismissed defendant's motions on the ground that OCGA § 17-9-4 does not authorize an attack on a criminal conviction.[1] This appeal followed. We affirm.

In *Harper v. State*, 286 Ga. 216 (686 SE2d 786) (2009), this Court overruled *Chester* to the extent that *Chester* allowed OCGA § 17-9-4 to be used to challenge a void conviction. In so doing, this Court announced that it was reverting to its pre-*Chester* jurisprudence and that, therefore, a petition to vacate or modify a judgment of conviction will not be recognized as an appropriate remedy in a criminal case. Given our holding in *Harper*, we conclude that the trial court properly dismissed defendant's motions.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED MARCH 1, 2010.

Ladell Moreland, *pro se.*

---

[1] The trial court did, however, correct the judgment to reflect that defendant was acquitted of Count 4 of the indictment, and that Counts 5 and 6 were placed on the dead docket. The original judgment erroneously stated that Counts 4 and 5 were placed on the dead docket.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.