## A10A0472. MATHERLEE v. THE STATE.
(694 SE2d 665)

JOHNSON, Presiding Judge.

Jeffry Matherlee appeals from the denial of his motion to vacate what he alleges is a void judgment in this criminal case. In his motion, Matherlee claimed that the trial court lacked jurisdiction to hear the probation revocation petition brought against him because the court allegedly decided the matter before the petition was filed. Accordingly, Matherlee argued, the revocation proceeding was a nullity and the resulting judgment is void. We hold that a motion to vacate a void judgment is not an appropriate remedy in this criminal case, and we dismiss the appeal.

On February 21, 2003, Matherlee entered a negotiated plea of guilty to possession of cocaine. Matherlee's sentence was probated pursuant to the First Offender Act.[1] On June 30, 2003, the state served Matherlee with a petition for adjudication of guilt and imposition of sentence, alleging he violated certain conditions of his probation. On July 9, 2003, after a hearing, the trial court revoked Matherlee's probation and entered an order adjudicating Matherlee guilty of the charged offense, sentencing him to confinement, and directing the clerk to enter the guilty conviction and sentence on the court record. Matherlee filed an application for discretionary appeal from the order, which this Court denied.

In 2008, Matherlee filed a Motion in Arrest of Judgment.[2] The trial court denied the motion, specifically finding that Matherlee was served with the revocation petition in June 2003, "well in advance of the hearing," and that the facts and circumstances of the hearing belied Matherlee's claim that the petition was not filed until after the matter was heard and ruled upon.

In August 2009, Matherlee filed a pro se "Motion to Vacate Void

---

[1] OCGA § 42-8-60.

[2] Inasmuch as this motion is not included in the appellate record, we only know what issues were raised by reviewing the trial court's order denying the motion.

Judgment and Modify and Amend Sentence (O.C.G.A. § 17-9-4)." In the motion, Matherlee contended the trial court "lost" jurisdiction to revoke his probation sentence because the state failed to file the petition before the matter was heard and decided by the trial court.[3] The trial court denied the motion as being without merit, noting that the court previously made findings not appealed from relating to the timeliness of the 2003 revocation proceeding. This appeal follows.

In *Harper v. State*, the Supreme Court of Georgia determined that a petition to vacate a judgment of conviction is not an appropriate remedy in a criminal case.[4] In so holding, the Court expressly overruled *Chester v. State*,[5] which had held that a criminal defendant could challenge his conviction at any time by filing any motion or pleading alleging the conviction is void.[6]

Matherlee argues, however, that such a motion is permitted under OCGA § 17-9-4, which provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." This argument has been decided contrary to Matherlee's position.

"OCGA § 17-9-4 is not at odds with [the longstanding rule that a motion to vacate a judgment will not lie in a criminal case] and does not authorize a departure from the recognized procedures for challenging a criminal conviction."[7] The only remedy for asserting the right to challenge a judgment of conviction as void under OCGA § 17-9-4 is through one of the statutory procedures set out in OCGA § 5-5-41 (extraordinary motion for new trial), OCGA § 17-9-61 (motion in arrest of judgment), or OCGA § 9-14-40 (petition for habeas corpus).[8] Inasmuch as Matherlee was not entitled to file a motion to vacate the judgment on the ground that it was void, the appeal is dismissed.[9]

*Appeal dismissed. Miller, C. J., and Phipps, J., concur.*

---

[3] We note that although Matherlee's motion included the words "and Modify and Amend Sentence," it is clear from his arguments below and on appeal that he did not seek to correct a *sentence*, but sought relief from what he alleges was a void *judgment* resulting from lack of subject matter jurisdiction. See generally *Williams v. State*, 271 Ga. 686 (1) (523 SE2d 857) (1999) (denial of petition to correct sentence on ground that *sentence* was void is appealable; note that *Williams* is not based upon OCGA § 17-9-4).

[4] 286 Ga. 216, 217-218 (1) (686 SE2d 786) (2009).

[5] 284 Ga. 162 (664 SE2d 220) (2008).

[6] *Harper*, supra at 217 (1), n 1.

[7] (Citation and punctuation omitted.) *Johnson v. State*, 287 Ga. App. 759, 760 (1) (652 SE2d 836) (2007); see *Wright v. State*, 277 Ga. 810, 811 (596 SE2d 587) (2004).

[8] *Harper*, supra at 217 (1).

[9] See *Ball v. State*, 286 Ga. 363 (688 SE2d 354) (2010); *Moreland v. State*, 286 Ga. 545 (690 SE2d 150) (2010); *Johnson*, supra at 760-761 (1).

DECIDED MARCH 22, 2010 —
RECONSIDERATION DENIED APRIL 15, 2010.

Jeffry M. Matherlee, *pro se.*

Garry T. Moss, *District Attorney, Sara A. Thompson, Assistant District Attorney*, for appellee.