# Court of Appeals
# of the State of Georgia

ATLANTA,  May 16, 2013

*The Court of Appeals hereby passes the following order:*

## A13A1763. GARIN LEE DANIEL v. THE STATE.

Garin Lee Daniel was convicted of trafficking in cocaine and possession of marijuana, and his conviction was affirmed on appeal. See *Daniel v. State*, 306 Ga. App. 48 (701 SE2d 499) (2010). Daniel subsequently filed a motion to vacate a void and illegal sentence, which the trial court dismissed on the basis that Daniel raised no void sentence argument. Daniel seeks to appeal this ruling.

A direct appeal lies from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Here, Daniel does not assert that the trial court imposed a sentence the law does not allow. Rather, he takes issue with his underlying conviction. The Supreme Court has made clear, however, that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Daniel is not authorized to collaterally attack his conviction in this manner, his appeal of the issue is hereby DISMISSED. See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162-163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* 05/16/2013

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*