# Court of Appeals
# of the State of Georgia

ATLANTA,___May 14, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15D0371.  ROBERT LEE RHODES v. THE STATE.**

Robert Lee Rhodes pled guilty to trafficking in cocaine in 2012.  Rhodes filed a motion to set aside the judgment in which he requested that his plea be set aside,[1] which the trial court denied.  On April 15, 2015, Robert Lee Rhodes filed an application for discretionary appeal from the trial court's order.  Rhodes included a copy of the court's order, but the order was not a stamped "filed" copy as required by Court of Appeals Rule 31 (e).

Without the stamped "filed" copy of the order, we cannot ascertain if the application was filed within 30 days, which is a jurisdictional requirement.[2]  See OCGA § 5-6-35 (d); *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989).  Accordingly, Rhodes's application is hereby DISMISSED.

Even if the application had been timely, however, it would have been subject to dismissal.  In *Roberts v. State,* the Supreme Court made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case."

---

[1] We cannot determine the date that Rhodes filed his motion from the application materials.  An applicant to this Court bears the burden of demonstrating that his application should be granted. See *Harper v. Harper*, 259 Ga. 246 (378 SE2d 673) (1989).  An applicant must "include a copy of any petition or motion which led directly to the order or judgment being appealed . . . ." OCGA § 5-6-35 (c); Court of Appeals Rule 31 (b).

[2] Although the order did not contain a stamped "filed" date, the order was signed by the judge on March 11, 2015.  Rhodes's application was filed 35 days later.

*Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Thus, Rhodes is not authorized to collaterally attack his conviction in this manner. See id.; *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*___05/14/2015___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*