# Court of Appeals
# of the State of Georgia

ATLANTA,     June 22, 2015

*The Court of Appeals hereby passes the following order:*

## A15A1690. GRADY R. WILLIAMS, JR. v. THE STATE.

In 2008, Grady Williams was convicted of armed robbery and other offenses. He filed an untimely appeal from his convictions, which we dismissed. See Case No. A14A0525 (decided December 20, 2013). Williams also filed an appeal from the denial of his motion for new trial, but that was also dismissed as untimely. See Case No. A10A1159 (decided March 1, 2010). On May 12, 2014, Williams filed a motion to dismiss his indictment, arguing that the State failed to prove venue at trial, his indictment was legally insufficient, his arrest warrant was invalid, his speedy trial rights were violated, and the prosecutor committed misconduct and acted vindictively. The trial court signed an order declining to consider the motion, and Williams appealed. We dismissed the appeal, finding that Williams was not permitted to attack his convictions in that manner and that he did not assert a colorable void-sentence claim. See Case No. A14A2154 (decided August 20, 2014). Williams subsequently filed a motion for judgment as a matter of law, which the trial court construed as a motion to vacate void judgment. The trial court denied the motion on March 16, 2015, and Williams filed a motion for reconsideration, which the court denied on April 6, 2015. Williams filed a direct appeal from that order on April 20, 2015. We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days after the entry of the trial court's order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). The denial of a motion for reconsideration is not directly appealable, and the filing of such a motion

does not extend the time for filing an appeal. See *Bell v. Cohran*, 244 Ga. App. 510, 511 (536 SE2d 187) (2000); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985). Here, Williams filed his notice of appeal 35 days after the entry of the trial court's order denying his motion to vacate. Accordingly, we lack jurisdiction to consider this appeal.

Furthermore, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Williams is not authorized to collaterally attack his convictions in this manner, this appeal is subject to dismissal. See id.; see also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009) (overruling *Chester v. State*, 284 Ga. 162, 162-163 (2) (664 SE2d 220) (2008)); *Matherlee v. State*, 303 Ga. App. 765 (694 SE2d 665) (2010).

Based on the foregoing, Williams' appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* _____06/22/2015_____
  *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
  *Witness my signature and the seal of said court* hereto affixed the day and year last above written.

_____ , *Clerk.*