# Court of Appeals
# of the State of Georgia

ATLANTA, February 23, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0990. SCOTTY R. WILSON v. THE STATE.**

In March 2014, Scotty Wilson pled guilty to the offenses of armed robbery and hijacking a motor vehicle, and he was sentenced to 20 years, to serve 10 in prison. In April 2016, Wilson filed a motion to modify a void sentence and conviction. The trial court denied the motion, and Wilson filed a notice of appeal directed to the Supreme Court, which transferred it to this Court after finding that Supreme Court jurisdiction was not invoked. We also lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it has here, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Accordingly, when a sentence is within the statutory range of punishment, it is not void. *Jones*, supra.

Here, Wilson does not argue that his sentence exceeded the statutory range of punishment; rather, he claims, among other arguments, that he should have been tried in juvenile court, that he received ineffective assistance of counsel, and that he was selectively prosecuted. These are challenges to the procedures employed and validity

of his convictions, not his sentence. The Supreme Court has made it clear that a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Because Wilson is not authorized to collaterally attack his conviction in this manner, this appeal is subject to dismissal. See *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/23/2017  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*