# Court of Appeals
# of the State of Georgia

ATLANTA, November 28, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0171. ANTONIO ROBINSON v. THE STATE.**

In 1996, Antonio Robinson entered a negotiated guilty plea to three counts of armed robbery. See *Robinson v. State*, 327 Ga. App. XXVIII (Case No. A14A0581, decided May 16, 2014) (unpublished) (affirming denial of out-of-time appeal). In 2018, Robinson filed two pro se motions to dismiss his indictment, as well as a motion for an extension of time to file a notice of appeal from a prior order. In three separate orders, the trial court dismissed all three motions, and Robinson now seeks discretionary review.[1] We, however, lack jurisdiction.

*Motions to dismiss the indictment.*

Although Robinson has not included copies of these motions with the application materials, it appears from the trial court's orders that Robinson argued that he was not properly indicted by a grand jury and that the trial court lacked jurisdiction over his case. These are challenges to the validity of Robinson's convictions, not his sentence. See *Thompson v. State*, 304 Ga. 146, 148-149 (816 SE2d 646) (2018); *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (attacks on the indictment are essentially attempts to have the judgment of conviction vacated). However, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case[,]" and any appeal from an order denying or

---

[1] Although Robinson styled his filing as an application for interlocutory appeal, he did not include a certificate of immediate review as required under OCGA § 5-6-34 (b). In any event, the orders Robinson wishes to appeal are final, and an interlocutory application was not necessary. Therefore, we docketed his filing an application for discretionary appeal.

dismissing such a motion must be dismissed. *Harper v. State*, 286 Ga. 216, 218 (1) (2) (686 SE2d 786) (2009).

In his application brief, Robinson also argues that the trial court "authorized a punishment under a general subsection provision by using two subsections in the same general is not applicable for punishment in one indicted accusation." We are unable to discern the nature of this argument and therefore cannot conclude that Robinson is entitled to bring a collateral attack on this ground at this juncture. Finally, Robinson contends that his double jeopardy rights were violated because he was not permitted to withdraw his guilty plea. But in Robinson's prior appeal, we ruled that "the trial court *granted* Robinson's request to withdraw his guilty plea and later allowed him to renew the same." *Robinson*, 327 Ga. App. XXVII (2) (c). That ruling stands as the law of the case, see OCGA § 90-11-60 (h), and forecloses Robinson's current argument.

*Motion for an extension of time to appeal.*

Robinson sought additional time to appeal a prior order denying his motion to correct a void sentence. An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See id. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Although Robinson has not included a copy of his motion to correct a void sentence, it appears he argued that DNA evidence would exculpate him; that the State failed to proffer sufficient evidence of his guilt; that the trial court did not have jurisdiction over his case; and that the trial court violated his constitutional rights by

allowing him to withdraw, and then renew, his guilty plea.[2] These are not arguments that his sentence exceeds the applicable statutory range of punishment; rather, they are – again – challenges to his convictions. Robinson, however, is not authorized to collaterally attack his convictions in this matter. See *Harper*, 286 Ga. at 218 (1); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010). It follows that Robinson was not entitled to an extension of time to appeal the denial of that impermissible collateral attack.[3]

     For these reasons, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  11/28/2018
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____ , Clerk.

---

[2] Robinson also asserts that the trial court erred by sentencing him as a recidivist, but we resolved this argument, too, in Robinson's prior appeal. 327 Ga. App. XXVII (2) (b).

[3] Further, Robinson's motion for an extension of time was not timely filed. According to the trial court, the order denying his motion to correct a void sentence was entered on March 7, 2018, and Robinson's motion for an extension was filed 69 days later, on May 15, 2018. While a trial court may grant an extension of time to file a notice of appeal, the request for an extension must be filed before the expiration of the original deadline – i.e., within 30 days. See OCGA §§ 5-6-39 (d) & 5-6-38 (a). Because Robinson's request was not timely made, the trial court lacked authority to grant it.