# Court of Appeals
# of the State of Georgia

ATLANTA,  December 28, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0625.  SULLIVAN GREEN, III v. THE STATE.**

In 2004, Sullivan Green, III was convicted of several offenses, including two counts of armed robbery.  We affirmed his convictions on direct appeal.  *Green v. State*, 287 Ga. App. 248 (651 SE2d 174) (2007).  In 2018, Green filed a "motion to vacate void judgment and sentence."  The trial court denied his motion on August 1, 2018, and on September 11, 2018 Green filed this appeal.  We, however, lack jurisdiction.

First, Green's appeal is untimely.  A notice of appeal must be filed within 30 days after entry of an appealable order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Here, Green filed his notice of appeal 41 days after the entry of the trial court's order.

Second, Green does not raise a valid void-sentence claim. Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may only modify a void sentence.  Id.  And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Green argues that the trial court did not follow the proper procedure in sentencing him as a recidivist. However, "[a]ssertions taking issue with the procedure employed in imposing a valid sentence . . . do not allege a sentence is void[.]" *Coleman v. State*, 305 Ga. App. 680, 680-681 (700 SE2d 668) (2010) (punctuation omitted). And Green's consecutive life sentences were within the statutory range of punishment for armed robbery. See OCGA § 16-8-41 (b); *Rooney v. State*, 287 Ga. 1, 3-6 (3) (690 SE2d 804) (2010) (a trial court has discretion to impose consecutive or concurrent sentences for separate offenses, as long as the sentence for each offense is within the statutory limits).

To the extent Green challenges his convictions, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Green is not authorized to collaterally attack his conviction in this manner. See id.; *Harper v. State*, 286 Ga. 216, 218 (1), (2) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,   12/28/2018*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*