# Court of Appeals
# of the State of Georgia

ATLANTA,  December 20, 2018

*The Court of Appeals hereby passes the following order:*

**A19D0219. CODY GLENN BROUSSARD v. THE STATE.**

Cody Glenn Broussard, acting pro se, filed a motion to dismiss his indictment. The trial court denied the motion on October 2, 2018. On November 29, 2018, Broussard filed this application for discretionary appeal. We lack jurisdiction for a number of reasons.

First, Broussard's application is untimely. An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith.  See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Broussard's application was filed 58 days after the order he seeks to appeal was entered, and we therefore lack jurisdiction to consider this application.[1]

Second, the application must be dismissed based on Broussard's failure to follow the interlocutory appeal procedures. The order on its face denies a motion to dismiss an indictment, which normally is an interlocutory order requiring compliance with OCGA § 5-6-34 (b) because the case remains pending in the trial court, and Broussard has not included a judgment of conviction with his application materials indicating his case has concluded. Thus, Broussard's failure to comply with these

---

[1] Though Broussard attempted to file this application on November 7, 2018, his application was returned because he failed to sign his documents and include a certificate of service in violation of Court of Appeals Rule 6. I note that this filing also would have been untimely.

procedures, or include documents indicating that the case no longer remains pending in the trial court, deprives us of jurisdiction over this application. *Boyd v. State*, 191 Ga. App. 435, 435 (383 SE2d 906) (1989).

To the extent that Broussard has already been convicted under the indictment complained of and his motion to dismiss the indictment was, in substance, a motion to vacate or set aside his convictions (which cannot be ascertained given the sparse application materials), this application must also be dismissed. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Broussard is not authorized to collaterally attack his convictions in this manner, this application is hereby DISMISSED. See id.; *Harper v. State*, 286 Ga. 216, 218 (1) & (2) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

Accordingly, this Court lacks jurisdiction to consider this application, and it is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/20/2018
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ , *Clerk.*