# Court of Appeals
# of the State of Georgia

ATLANTA,  April 04, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0318, A19A0319.  MICHAEL JEROME ROBERTS v. THE STATE.**

On July 9, 2015, Jerome Roberts pled guilty to three counts of financial transaction card fraud and was sentenced to serve a total of four years. On July 27, 2016, Roberts filed a pro se "Motion to Vacate/Set Aside Sentence or Judgment as Void," arguing that he should not have been sentenced as a recidivist due to the improper procedure used to admit his prior convictions. The trial court denied the motion on September 9, 2016, and Roberts filed two notices of appeal from the same order on October 13, 2016. We, however, lack jurisdiction for several reasons.

First, a notice of appeal must be filed within 30 days after the entry of the trial court's order. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997). Here, Roberts filed his notices of appeal 34 days after the entry of the trial court's order denying his motion. Accordingly, we lack jurisdiction to consider these appeals.

Furthermore, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278

Ga. 669, 670 (604 SE2d 483) (2004). Because a conviction of felony financial transaction card fraud carries a maximum sentence of three years, Roberts' sentence for each count fell within the statutory range of punishment. Accordingly, he has not raised a valid void sentence claim.

Regarding Roberts' efforts to set aside his conviction as void, the Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Roberts is not authorized to collaterally attack his conviction in this manner. See id.; *Harper*, 286 Ga. at 218 (1); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

For these reasons, Roberts is not entitled to a direct appeal, and Case No. A19A0318 is hereby DISMISSED, and Case No. A19A0319 is DISMISSED as duplicative.

*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/04/2019



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/04/2019
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*