# Court of Appeals
# of the State of Georgia

ATLANTA,  July 15, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2049.  DAVID L. HARPER v. THE STATE.**

A jury convicted David L. Harper of two counts of criminal trespass. The Supreme Court affirmed Harper's convictions, *State v. Harper*, 303 Ga. 144 (810 SE2d 484) (2018), and we issued the remittitur on June 29, 2018[1].  See Case No. A16A1008.  On November 8, 2018, Harper filed a motion to vacate void sentence, arguing that, as a bail recovery agent, he could not be prosecuted for criminal trespass.  The trial court denied the motion and Harper filed this direct appeal.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence.  Id.  And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Harper does not argue that his sentence falls outside the permissible

---

[1] We originally vacated one of Harper's criminal trespass convictions, see *Harper v. State*, 338 Ga. App. 535, 538-539 (2) (790 SE2d 552) (2016), but the Supreme Court reversed our judgment, holding that the evidence was sufficient to support a finding of guilt.  See *Harper*, 303 Ga. at 147.

statutory range, but instead argues that his entry was not subject to criminal prosecution. The Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Thus, Harper is not authorized to collaterally attack his conviction in this manner. See id.; *Harper v. State*, 286 Ga. 216, 218 (1), (2) (686 SE2d 786) (2009); *Matherlee v. State*, 303 Ga. App. 765, 766 (694 SE2d 665) (2010).

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 07/15/2019*
  *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

      *, Clerk.*