## S05A0157. RUBIANI v. THE STATE.
### (612 SE2d 798)

SEARS, Presiding Justice.

In November 1987, appellant pled guilty to charges of murder and robbery, and was sentenced to life in prison. In 2003, appellant filed a motion seeking to void the judgment of his conviction, in which he attacked the trial court's acceptance of his guilty pleas and claimed: (1) that the trial court misinformed appellant about his right to appeal; (2) that the trial court failed to adequately explain the elements of the charges to which appellant pled guilty; and (3) that appellant's guilty pleas were not intelligently entered due to the ineffective assistance of counsel. The trial court held that appellant's motion was, in essence, a motion to withdraw his guilty pleas.[1] Because the motion was not filed during the term of court in which appellant was sentenced, the trial court dismissed it as untimely.[2] Appellant then filed a direct appeal.

Appellant's motion clearly was not timely. "It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea."[3] Once the term of court in which a defendant was sentenced has expired, the only available means for an appellant to withdraw his guilty plea is through habeas corpus proceedings.[4]

Appellant was sentenced on November 25, 1987, yet he did not file his motion to withdraw until January 17, 2003, after 91 terms of court had passed.[5] Thus, it is obvious that appellant's motion was untimely and was properly dismissed by the trial court.

*Judgment affirmed. All the Justices concur.*

### DECIDED MAY 9, 2005.

Jose A. Rubiani, *pro se.*

---

[1] Under our precedent, courts should examine the substance of a motion, rather than its nomenclature, to determine what sort of relief is sought therein. *Thompson v. State*, 274 Ga. 818 (559 SE2d 730) (2002) (treating a motion to void judgments as a motion to withdraw guilty plea).

[2] In his motion, appellant also claimed that the indictment against him was improperly obtained. The trial court, however, concluded this claim was repetitive, as it had previously been resolved adversely to appellant in the ruling on his plea in abatement. Because nothing in either the record or appellant's brief rebuts this conclusion, we accept it as accurate. *Ware v. State*, 279 Ga. 17, 18 (608 SE2d 643) (2005).

[3] *Henry v. State*, 269 Ga. 851, 853 (507 SE2d 419) (1998).

[4] Id.

[5] See OCGA § 15-6-3 (8) (D) (Muscogee County has six annual terms of court).

*J. Gray Conger, District Attorney, Ryan R. Leonard, Assistant District Attorney, Thurbert E. Baker, Attorney General*, for appellee.