In the Supreme Court of Georgia

Decided:  July 6, 2015

S15A0534. ROMANO v. THE STATE.

HINES, Presiding Justice.

On July 18, 1997, Joseph Victor Romano pled guilty to two charges of malice murder and was sentenced to two concurrent terms of life in prison. Romano then moved to withdraw his guilty pleas, and this Court affirmed the trial court's denial of that motion.  See *Romano v. State*, 272 Ga. 238 (527 SE2d 184) (2000).

On October 7, 2014, Romano filed in the trial court a motion for an out-of-time appeal, which the trial court denied.  As we have previously noted,

> [a]n out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. [Cit.] It is the means by which a criminal defendant who lost his right to direct appeal of his criminal conviction due to counsel's negligence, ignorance, or misinterpretation of the law may gain that appellate review. [Cit.] The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review. [Cit.]  Due to the very nature of an out-of-time appeal, it is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that

defendant is not entitled to a second direct appeal from his judgment of conviction. [Cits.] Since an out-of-time appeal is not available to one whose conviction has been affirmed on direct appeal, the denial of a motion for out-of-time appeal filed by such a defendant is not subject to direct appeal to the appellate courts. [Cit.]

*Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (Punctuation and footnote omitted.)  Romano's conviction was reviewed and affirmed on the direct appeal of the denial of his motion to withdraw his guilty pleas, and thus this appeal must be dismissed.[1]  Id. at 191-192.  See also *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001).

Appeal dismissed.  All the Justices concur.

---

[1] We note that the issues Romano sought to raise by his motion for an out-of-time appeal appear to be identical to those addressed in his direct appeal.  See *Romano*, supra.  We also note that Romano was represented by counsel in both the trial and appellate proceedings.  Compare *Trauth v. State*, 295 Ga. 874 (763 SE2d 854) (2014).