# Court of Appeals
# of the State of Georgia

ATLANTA,  February 02, 2017

*The Court of Appeals hereby passes the following order:*

**A17A0804.  SHEA BELCHER v. THE STATE.**

In 2006, Shea Belcher pled guilty to two counts of armed robbery and one count of simple kidnapping.  He later filed a motion for an out-of-time appeal and a motion to withdraw his guilty plea.  The trial court denied the motions, Belcher appealed, and this Court affirmed, holding that the record refuted Belcher's attacks on his guilty plea.  See *Belcher v. State*, 304 Ga. App. 645 (697 SE2d 300) (2010).  In May 2016, Belcher filed a "motion for out-of time appeal/plea in abatement," claiming that there were errors in the filing of the indictment.  The trial court denied the motion, and Belcher filed the instant appeal.  We lack jurisdiction.

An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal.  *Romano v. State*, 297 Ga. 497, 497 (775 SE2d 151) (2015).  The denial of a motion for an out-of-time appeal is directly appealable when the criminal conviction at issue has not undergone appellate review.  Id.  However, there is no right to directly appeal the denial of such a motion filed by a defendant whose conviction has been affirmed on direct appeal.  *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002).  Thus, in *Romano*, supra, the Supreme Court dismissed the defendant's appeal of the denial of his motion for an out-of-time appeal on the basis his conviction had been reviewed and affirmed on the direct appeal of the denial of his motion to withdraw his guilty plea.  297 Ga. at 497.  Here, Belcher's conviction was reviewed and affirmed on the direct appeal of the denial of his motion to withdraw his guilty plea and his first motion for an out-of-time appeal.  Therefore, he is not entitled to another out-of-time appeal.

Further, Belcher had no right to withdraw his guilty plea, as a trial court lacks

jurisdiction to allow the withdrawal of a plea when the term of court in which the defendant was sentenced has expired. See *Rubiani v. State*, 279 Ga. 299, 299 (612 SE2d 798) (2005); see also id. at 299 n. 1 (the substance of a motion, rather than its nomenclature, controls). Once the term of court in which a defendant was sentenced has expired, the only means for him to withdraw his guilty plea is through habeas corpus proceedings. Id.

Accordingly, the State's motion to dismiss this appeal is hereby GRANTED, and this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,* __02/02/2017__
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*



_____ *, Clerk.*