# Court of Appeals
# of the State of Georgia

ATLANTA,  August 18, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0094.  DAVID KIRKLAND v. THE STATE.**

David Kirkland was convicted of armed robbery and sentenced to life without the possibility of parole, and his conviction was affirmed on appeal. See *Kirkland v. State*, 315 Ga. App. 143 (726 SE2d 644) (2012). In 2017, he filed a "Motion to vacate void judgment," arguing that the trial court imposed an "illegal sentence." The trial court denied the motion, and Kirkland then filed this appeal. We lack jurisdiction for two reasons.

First, in essence, Kirkland's motion is one to vacate a void sentence.  See *Rubiani v. State*, 279 Ga. 299, 299 n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls). A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Kirkland suggests that his sentence is void because the trial court improperly sentenced him to life without parole without first seeking the death penalty and filing the appropriate notice as required under OCGA § 17-10-16 (a). As noted by the trial court, however, Kirkland was not sentenced under § 17-10-16 (a). Rather, because Kirkland had at least three prior felonies at the time he committed the armed robbery

offense, the trial court was authorized to sentence him under OCGA § 17-10-7 (c) as a recidivist and impose a life sentence without the possibility of parole. See OCGA § 17-10-7 (c) (holding that a person having been convicted of three or more felonies shall be sentenced to serve the maximum time for a subsequent offense without eligibility for parole).

Second, even if Kirkland had raised a colorable void-sentence claim, this appeal is untimely. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Kirkland filed his notice of appeal 34 days after entry of the order he seeks to appeal, thus his appeal is untimely.

For the reasons stated above, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta, 08/18/2017*
 *I certify that the above is a true extract from* the minutes of the Court of Appeals of Georgia.
 *Witness my signature and the seal of said court* hereto affixed the day and year last above written.



               , *Clerk.*