# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2018

*The Court of Appeals hereby passes the following order:*

**A18A2021.  THOMAS LARRY PYBURN v. THE STATE.**

In 2009, Thomas Larry Pyburn was convicted of incest, and we affirmed his conviction on direct appeal.  See *Pyburn v. State*, 301 Ga. App. 372 (687 SE2d 909) (2009).  Pyburn subsequently filed two extraordinary motions for new trial challenging his conviction, which the trial court denied.  In 2017, Pyburn filed a mandamus petition again seeking to challenge his incest conviction.  The trial court denied his petition, and Pyburn filed a direct appeal to the Supreme Court.  The Supreme Court transferred the case to this Court.  See Case No. S18A1101.  We, however, lack jurisdiction for two reasons.

First, while judgments and orders granting or refusing to grant mandamus are generally directly appealable, see OCGA § 5-6-34 (a) (7), under the Prison Litigation Reform Act, any appeal in a civil case that was initiated by a prisoner must come by discretionary application.  See OCGA § 42-12-8; *Jones v. Townsend*, 267 Ga. 489, 490 (480 SE2d 24) (1997).  Because Pyburn is incarcerated, he was required to file an application for discretionary appeal to seek appeal of the trial court's order.  "[C]ompliance with the discretionary appeals procedure is jurisdictional." *Fabe v. Floyd*, 199 Ga. App. 322, 332 (1) (405 SE2d 265) (1991).  Thus, Pyburn's failure to follow the required appellate procedure deprives us of jurisdiction over this appeal.

Second, even if Pyburn had a right to direct appeal, his mandamus petition is, in essence, a challenge to his judgment of conviction. *Rubiani v. State*, 279 Ga. 299, 299 n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls).  But a petition or motion to vacate or modify a conviction is not one of the established procedures for challenging the validity of a judgment in

a criminal case.[1]  See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  An appeal from an order denying or dismissing such a petition or motion must be dismissed.  See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010); *Roberts*, 286 Ga. at 532; *Harper*, 286 Ga. at 218 (1).

Accordingly, for the reasons stated above, Pyburn's appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   07/19/2018        *
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The Supreme Court has explained that a criminal defendant seeking to challenge a conviction after it has been affirmed on direct appeal may "file an extraordinary motion for new trial, OCGA § 5-5-41, a motion in arrest of judgment, OCGA § 17-9- 61, or a petition for habeas corpus, OCGA § 9-14-40." *Harper*, 286 Ga. at 217 (1).