# Court of Appeals
# of the State of Georgia

ATLANTA,  April 28, 2021

*The Court of Appeals hereby passes the following order:*

**A21I0179. ALBERT HOWARD v. THE STATE.**

Albert Howard was tried for aggravated assault with a deadly weapon and other offenses. When Howard failed to appear on the third day of trial, the trial court issued a writ of attachment for him, the trial continued in his absence, and the jury rendered a guilty verdict on several counts. On March 15, 2010, the trial court entered the judgment of conviction and sentenced Howard in absentia to a total of 90 years' imprisonment. Howard's trial counsel did not file a timely motion for new trial or notice of appeal, and Howard remained a fugitive until he was arrested on May 25, 2010.

In May 2018, Howard filed a pro se motion for out-of-time appeal. The trial court issued an order denying the motion for out-of-time appeal in September 2018. However, the trial court also appointed Howard appellate counsel to address any post-conviction motions. On October 5, 2018, the trial court issued a consent order which (1) found that Howard bore no responsibility for the lack of a timely-filed notice of appeal or motion for new trial, (2) vacated the September 2018 order denying Howard's motion for out-of-time appeal, and (3) granted Howard's motion for out-of-time appeal. Howard filed a motion for new trial a few days later.

Subsequently, the State filed a motion to vacate the consent order and to dismiss Howard's motion for new trial. On March 22, 2021, the trial court issued an order finding that Howard had misrepresented that he bore no responsibility for the lack of a timely-filed notice of appeal or motion for new trial, his misrepresentation induced the consent order, because Howard was a fugitive during the 30-day window in which a notice of appeal or motion for new trial could have been timely filed,

Howard, not his trial counsel, was responsible for the failure to timely seek post-conviction review, and he was not entitled to an out-of-time appeal. The court therefore vacated the consent order granting Howard an out-of-time appeal, and dismissed his motion for new trial.

According to Howard, he has filed a timely notice of appeal of the March 22, 2021 order. However, the trial court certified the order for immediate review, and Howard also filed the instant timely application for interlocutory review of the order.

The March 22, 2021 order is subject to direct appeal. Generally, under OCGA § 5-6-34 (a) (1), a party may file a direct appeal from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below[.]" The order here dismissed Howard's motion for new trial and vacated the consent order granting Howard an out-of-time appeal — thereby effectively denying Howard's motion for out-of-time appeal by reinstating the September 2018 order, which had been vacated by the consent order. Thus, the order is final because it leaves no outstanding issues or motions to be resolved in the trial court regarding Howard's conviction. See *CitiFinancial Svcs. v. Holland*, 310 Ga. App. 480, 481 (713 SE2d 678) (2011) (an order is considered a final judgment within the meaning of OCGA § 5-6-34 (a) (1) where it leaves no issues to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court). In addition, the denial of a motion for out-of-time appeal is directly appealable when the conviction at issue has not undergone appellate review. *Romano v. State*, 297 Ga. 497, 497 (775 SE2d 151) (2015). Here, the March 22, 2021 order effectively denied Howard's motion for out-of-time appeal, and Howard's conviction has not undergone appellate review.

"This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004). Accordingly, this interlocutory application is hereby GRANTED. Howard shall have ten days from the date of this order to file a notice of appeal in the trial court. However, if Howard has indeed already filed a notice of appeal from the order

at issue here, he need not file a second notice. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  04/28/2021

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*