# Court of Appeals
# of the State of Georgia

ATLANTA,  December 06, 2021

*The Court of Appeals hereby passes the following order:*

**A22A0547. DEWAYNE THOMAS v. THE STATE.**

In 2013, Dewayne Thomas pled guilty to two drug offenses and was sentenced as a first offender to ten years, to serve five in confinement and the remainder on probation. In 2019, the trial court revoked Thomas's probation and first-offender status upon finding that he had committed new offenses and violated certain conditions of probation. The court adjudicated him guilty of the 2013 offenses and sentenced him to a total of 40 years in confinement.

In November 2020, Thomas filed a motion to correct his sentence, arguing that the trial court had erred by imposing a more severe sentence upon revoking his first-offender probation. The trial court denied the motion, and Thomas filed a direct appeal to this Court. We dismissed the appeal for lack of jurisdiction because Thomas was required to file a discretionary application to obtain review of an order revoking first-offender probation. See Case No. A21A0807 (Jan. 14, 2021).

Back in the trial court, Thomas filed a second motion to correct his sentence, asserting the same argument raised in his first motion. On March 23, 2021, the trial court entered an order finding that Thomas's second motion was identical to the first and therefore was moot. On May 3, 2021, and May 24, 2021, Thomas filed applications for discretionary appeal, seeking to challenge the March 23 order. We dismissed both applications because they were not timely filed. See Case No. A21D0334 (May 27, 2021) and Case No. A21D0354 (June 14, 2021).

Most recently, Thomas filed a motion for an out of time appeal to file yet another application for discretionary appeal to challenge the March 23 order. The trial court denied the motion, explaining that it did not have authority to extend the time

to file an application for discretionary review. Thomas then filed the instant direct appeal, but we lack jurisdiction.

An out-of-time appeal is a judicial creation that serves as the remedy for a frustrated right of appeal. *Romano v. State*, 297 Ga. 497, 497 (775 SE2d 151) (2015). Therefore, a defendant must show that he was entitled to a direct appeal. *Hood v. State*, 343 Ga. App. 230, 232 (807 SE2d 10) (2017). Although the denial of a motion for an out-of-time appeal is, in general, directly appealable, *Butts v. State*, 244 Ga. App. 366, 366-367 (536 SE2d 154) (2000), the denial of Thomas's motion is not. Thomas seeks additional time to seek appellate review of the sentence imposed after the trial court revoked his probation and first offender status. He is not entitled to a direct appeal of that order, as it requires an application for discretionary appeal, and it is the appellate court – not the trial court – that is authorized to grant an extension of time to file a discretionary application. *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011). Because an out-of-time appeal is not the remedy to extend the time to file an application for discretionary appeal, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  12/06/2021
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_

, Clerk.