# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2022

*The Court of Appeals hereby passes the following order:*

**A23A0525. MENSHACK J. NYEPAH v. THE STATE.**

Menshack Nyepah pled guilty to multiple counts of armed robbery, aggravated assault, and false imprisonment, stemming from the robbery of a credit union. Nyepah filed a motion to withdraw his plea, which the trial court denied. After the grant of Nyepah's motion for an out-of-time appeal, we affirmed the denial of his motion to withdraw his plea in an unpublished opinion. See *Nyepah v. State*, Case No. A17A0831 (Jan. 26, 2017). In 2022, Nyepah filed a "Motion to Correct, Vacate, or Set Aside An Illegal Sentence," which the trial court denied. Appearing pro se, Nyepah filed a notice of appeal from the trial court's order. We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Nyepah did not argue that his sentences exceeded the statutory maximums. Instead, he argues that he did not enter a guilty plea to two counts of aggravated assault and that the aggravated assault convictions should have merged

with the armed robbery convictions. Essentially, Nyepah seeks to challenge his convictions. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010) (merger argument is a challenge to conviction). See generally *Rubiani v. State*, 279 Ga. 299, n.1 (612 SE2d 798) (2005) (the substance of a motion, rather than its nomenclature, controls). Our Supreme Court has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, because Nyepah has not raised a colorable void-sentence claim and is not authorized to collaterally attack his conviction in this manner, this appeal is hereby DISMISSED. See id.; *Harper* 286 Ga. 216, at 218 (1) and (2).



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,   11/30/2022*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*